Henry H. KYLE, Appellant,

v.

Robert F. COREY, Appellee.

No. 19808.

Court of Civil Appeals of Texas, Dallas.

June 19, 1979.

Rehearing Denied July 25, 1979.

J. Robert Fisher, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellant.

Corbet F. Bryant, Jr., Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, for appellee.

Before AKIN, ROBERTSON and STOREY, JJ.

STOREY, Justice.

Appellant Henry H. Kyle presents a single point of error, complaining that the trial court erred in sustaining the special appearance of the defendant Robert F. Corey because the contract sued upon was performable in Texas and partially negotiated by Corey while still a resident of Texas. On the other hand, Corey urges that the pleadings are insufficient to invoke the provisions of Tex.Rev.Civ.Stat.Ann. art. 2031b, § 4 (Vernon's 1964), because, although a purported contract was attached to plaintiff's petition, it was not sufficient of itself to establish liability against him. Further, Corey asserts that proof offered at the special appearance hearing established that no contract between the parties was ever consummated. We affirm on the ground that the trial court impliedly found that no contract existed between the parties and therefore, do not consider the question of the sufficiency of the pleadings.

Kyle sought to establish in personam jurisdiction over defendant Corey, a resident of California, under section 4 of article 2031b, which provides that a "nonresident natural person shall be deemed doing business in this State by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State. Entering into a contract performable in whole or in part within this state is an essential element of the exercise of jurisdiction under section 4, and the cause of action must arise out of the same contractual arrangement. *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483 (5th Cir. 1974).

The contract relied upon by plaintiff was attached to his petition. Also attached was a promissory note of Capital Consultants Corporation for $30,400.00 payable to Republic National Bank, which was signed by Corey as President of Capital and guaranteed by the endorsement of Kyle. Additionally, there was attached to plaintiff's

petition, a check drawn by Kyle to the order of Corey, individually, for $30,400.00 which was shown to have been endorsed by Corey to Republic. The petition alleged that by reason of the payment of $30,400.00 made by Kyle to Corey, the plaintiff Kyle was entitled to reimbursement for such amount from Corey, or, alternatively, was entitled to indemnification from Corey.

While it is made clear from plaintiff's petition that the underlying obligation sued upon is Kyle's check payable to Corey and in turn endorsed to Republic, this transaction standing alone places no burden on Corey to reimburse or indemnify. This is true, first, because the debt to Republic shows on its face to be a corporate debt of Capital Consultants, and, second, because the record does not reflect that the check was, in fact, used to repay the Republic note. Consequently, reference must be made to the contract in order to determine if there is established any liability on the part of Corey to Kyle. A careful reading of that part of the contract which was attached to plaintiff's petition fails to disclose any obligation on the part of Corey to reimburse or indemnify Kyle. However, proof offered at the special appearance hearing showed that the parties intended that, at closing, several other documents would be signed, attached to and made a part of the contract. These documents were offered into evidence. They clearly revealed that Corey would be obligated to purchase the Republic note and indemnify Kyle from any liability with respect to it. The contract, when read with these attachments, leave no doubt that a substantial part of it was performable in Texas, and that the action declared upon arose out of its breach. The question then arises as to whether the entire contract among the parties was ever consummated.

Further proof at the hearing showed that Corey signed the contract, the indemnity agreement and other supporting documents on January 16, 1974, more than two months after he ceased to be a resident of Texas. All of the instruments were then mailed by Corey's attorney in California to the attorney representing the other parties in Dallas.

The attorney's cover letter listed the enclosed documents and continued:

Please be advised that none of the arrangements between our respective clients shall be deemed effective until such time as you have had signed by your clients and returned to us the following documents:

(1) the restated agreement;

(2) the security agreement;

(3) the enclosed attached "addendum to the restated agreement";

(4) an executed copy of the "rider A to promissory note".

Furthermore, the "Restated Agreement" shall not be deemed effective until signed and returned to us with the addendum attached, together with income and expense statements of Capital Consultants Corporation for the following periods:

October 1973; November 1973; December 1973; and the year end statement for calendar year 1973.

At such time as all of these documents have been received by us, Mr. Corey will forward to you properly endorsed Capital stock certificates in Capital Consultants Corporation. We have not returned the blank stock powers to you since the certificates are in our possession and will be delivered with appropriate assignments.

If you have any questions or problems relating to these matters, please do not hesitate to contact me.

The record shows that none of these conditions were ever performed by plaintiff or by anyone acting for him. Further testimony established that the plaintiff did not know if the proceeds of his check were used to pay the Republic note or if indeed, the note had been paid. In the absence of the written agreement, there was no obligation on the part of Corey to indemnify Kyle, nor is there any agreement shown by which Corey agreed to reimburse Kyle or offer him restitution for the proceeds of the check as was alleged in Kyle's petition.

Although the trial court made no specific finding with respect to whether the con-

tract was ever consummated, such finding is implied in its judgment sustaining Corey's special appearance. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609, 613 (1951), *Sentry Development Corp. v. Norman,* 553 S.W.2d 664 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.). Because there is ample evidence in the record to sustain this implied finding, we hold that in personam jurisdiction was never established under section 4 of article 2031b.

Accordingly, the order is sustained.